**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Carlos Juarez, Tomas Castaneda, Alex Reyes, and Gerardo Castaneda Mendoza, on behalf of themselves and all other persons similarly situated, <br><br>      Plaintiffs, <br><br>          - vs. – <br><br> Fuerte Construction LLC, and Artemio Fuerte, <br><br>      Defendants. | DOCKET NO. _____ <br><br><br> **COMPLAINT** <br><br> **COLLECTIVE ACTION** |

Plaintiffs Carlos Juarez, Tomas Castaneda, Alex Reyes, and Gerardo Castaneda Mendoza, by and through their undersigned attorneys, for their complaint against defendants Fuerte Construction LLC, and Artemio Fuerte, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs Carlos Juarez, Tomas Castaneda, Alex Reyes, and Gerardo Castaneda Mendoza, on behalf of themselves and all other persons similarly situated, current and former employees of defendants Fuerte Construction LLC, and Artemio Fuerte, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.   Plaintiffs further complain that they are entitled to (i) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Carlos Juarez is an adult individual residing in Rye Brook, New York.

4.    Plaintiff Tomas Castaneda is an adult individual residing in the New Rochelle, New York.

5.    Plaintiff Alex Reyes is an adult individual residing in the Port Chester, New York.

6.    Plaintiff Gerardo Castaneda Mendoza is an adult individual residing in Mexico.

7.    Mr. Juarez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

8.    Mr. Castaneda Mendoza consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

9.    Mr. Reyes consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

10.   Mr. Tomas Castaneda consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

11.   Defendant Fuerte Construction LLC is a domestic limited liability company organized under the law of the State of New York with a registered principal place of business at 373 Webster Avenue, New Rochelle, New York 10801.

12.   At all relevant times, defendant Fuerte Construction LLC was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13.   At all relevant times, defendant Fuerte Construction LLC has been and continues to be an employer

engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. Upon information and belief, at all relevant times, defendant Fuerte Construction LLC has had gross revenues in excess of $500,000.00.

15. Upon information and belief, at all relevant times herein, defendant Fuerte Construction LLC has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

16. Defendant Artemio Fuerte is an owner or part owner and principal of Fuerte Construction LLC, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17. At all relevant times, Defendant Artemio Fuerte, was involved in the day-to-day operations of Fuerte Construction LLC and played an active role in managing the business.

18. At all relevant times, Defendants Fuerte Construction LLC and Artemio Fuerte were "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

19.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

21.  Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since July 14, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

22.  The Collective Action Members are similarly situated to Plaintiffs in that they were employed by defendants as non-exempt employees, and were denied payment

at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

23. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

24. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

25. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

26. At all relevant times herein, the defendants owned and operated Fuerte Construction LLC, a construction business located in New Rochelle, New York.

27. Plaintiff Carlos Juarez, was employed at Fuerte Construction LLC from approximately May 1 2021, until November 3, 2021.

28. Mr. Juarez was employed by Defendants as a painter, sheetrock installer and compounder.

29. Mr. Juarez's work was performed in the normal course of defendants' business, was integrated into the

business of defendants, and did/does not involve executive or administrative responsibilities.

30.  At all relevant times herein, Mr. Juarez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31.  From May 2021 through October 2021, Mr. Juarez worked a regular schedule six days per week, Monday through Saturday, from 8 a.m. until 4 p.m., with Sunday off.

32.  Consequently Mr. Juarez was working approximately 48 hours per week during his employment by the defendants.

33.  Mr. Juarez was paid weekly, at the rate of $25 per hour until the final five weeks of his employment by Defendants.

34.  Mr. Juarez was paid $800 in cash and $400 by check weekly until the final five weeks of his employment.

35.  Mr. Juarez was did not receive his weekly pay for the final five weeks of his employment by Defendants.

36.  Plaintiff Tomas Castaneda was employed by Defendants from approximately May 24, 2021, through November 12, 2021.

37.  Mr. Castaneda was employed by Defendants as a cement mason.

38.   Mr. Castaneda's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

39.   At all relevant times herein, Mr. Castaneda was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

40.   During his employment by Defendants, Mr. Castaneda worked a regular schedule of six days per week, Monday through Friday, from 8 a.m. to 4 p.m., with Sunday off.

41.   As a result, Mr. Castaneda was working approximately 48 hours per week during his employment by Defendants.

42.   Mr. Castaneda was paid at the rate of $20 per hour during his employment by Defendants.

43.   He was paid in cash for the first two weeks, and then in check at the rate of $960 per week until the final six weeks of his employment by Defendants.

44.   Mr. Castaneda did not receive his weekly pay for the final six weeks of his employment.

45.   Plaintiff Alex Reyes has been employed at Fuerte Construction LLC, from approximately June 11,2021 through November 11, 2021.

46.   Mr. Reyes was employed by the defendants as painter and sheet rock installer.

47.   Mr. Reyes's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

48.   At all relevant times herein, Mr. Reyes was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

49.   During his employment by the defendants, Mr. Reyes has worked a regular schedule of six days per week, Monday through Friday, from 8 a.m. to 4 p.m., with Sunday off.

50.   As a result, he was working approximately 48 hours per week during his employment by Defendants.

51.   Mr. Reyes has been paid weekly at the rate of $20 per hour.

52.   Mr. Reyes was paid $960 in cash for each of the first two weeks of his employment, and then $560 in check and $400 in cash weekly, until the final six weeks of his employment by Defendants.

53.   Mr. Reyes did not receive his weekly pay for the final six weeks of his employment by Defendants.

54.   Plaintiff Gerardo Castaneda Mendoza was employed by Defendants from approximately April 2021, through October 29, 2021.

55.   Mr. Castaneda Mendoza was employed by Defendants as a brick and stone layer.

56.   Mr. Castaneda Mendoza's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

57.   At all relevant times herein, Mr. Castaneda Mendoza was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

58.   During his employment by Defendants, Mr. Castaneda Mendoza worked a regular schedule of six days per week, Monday through Friday, from 8 a.m. to 4 p.m., with Sunday off.

59.   As a result, Mr. Castaneda Mendoza was working approximately 48 hours per week during his employment by Defendants.

60.   Mr. Castaneda Mendoza was paid at the rate of $25 per hour during his employment by Defendants.

61.   Mr. Castaneda Mendoza was paid in cash for the first four weeks of his employment, and then in check at the rate

of $1200 per week until the final six weeks of his employment by Defendants.

62.  Mr. Castaneda Mendoza did not receive his weekly pay for the final six weeks of his employment.

63.  Each of the plaintiffs has not received the one-week salary deposit they each left in Defendants' possession at the beginning of their employment by Defendants.

64.  Each of the plaintiffs received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

65.  Plaintiffs have each been paid in cash or cash and check throughout their employment by the defendants, and received no paystubs or wage statements of any sort with their pay.

66.  In addition, the defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

67.  Defendants' failure to pay each Plaintiff the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

68.   Defendants failed to provide each Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

69.   Defendants failed to provide each plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

70.   Upon information and belief, throughout both periods of each plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the "Collective Action Members") in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

71.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

12

72.   Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

73.   Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

74.   Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

75.   Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

76.   Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

## (Fair Labor Standards Act - Overtime)

77.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78.  At all relevant times, the defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

79.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

80.  As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

81.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

82.   Due to the defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

83.   Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

84.   At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

85.   Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

86.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

15

87. Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

88. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

89. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

90. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

91. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

92. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of their employment by the defendants, up to the maximum statutory damages.

93. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from the defendants statutory damages of $50 per day for each day of their employment by the defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b),

17

and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory overtime compensation pursuant to 29 U.S.C. § 216;

f.  Liquidated damages for the defendants' New York Labor Law violations;

g.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

h.  Back pay;

    i.  Punitive damages;

    j.  An award of prejudgment and postjudgment interest;

    k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    l.  Such other, further, and different relief as this Court deems just and proper.

Dated: July 14, 2022

> /s/ Michael Samuel
> Michael Samuel (MS 7997)
> THE SAMUEL LAW FIRM
> 1441 Broadway
> Suite 6085
> New York, New York 10018
> (212) 563-9884
> Attorneys for Plaintiffs,
> *Individually and on behalf of an*
> *FLSA collective action*