UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARLOS JUAREZ, et al.,

                           Plaintiffs,

v.                                           **ORDER AND JUDGMENT**

FUERTE CONSTRUCTION, LLC, et al.,       No. 22-CV-05999 (PMH)

                           Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Upon reading Plaintiff Carlos Juarez ("Juarez"), Tomas Castaneda ("Castaneda"), Gerardo Castaneda Mendoza ("Mendoza"), and Alex Reyes ("Reyes") (collectively, "Plaintiffs") motion by Order to Show Cause and supporting papers for default judgment as against Defendants Fuerte Construction LLC and Artemio Fuerte (Docs. 22-23), it is hereby ORDERED that:

      The motion for default judgment is GRANTED as to plaintiff Reyes only against defendant Artemio Fuerte ("Fuerte") only, and judgement is entered against Fuerte in the dollar amount of $28,163.93, post-judgment interest on this amount in accordance with 28 USC § 1961 until the judgment is paid in full, and $6,100 in attorneys' fees. *See* Affirmation of Michael Samuel at ¶¶ 21, 23-27.

      The motion for default judgment is DENIED without prejudice against defendant Fuerte Construction LLC for failure to properly serve the within Order to Show Cause for a default judgment. *See* Federal Rule of Civil Procedure 4 and New York Civil Practice Law & Rules § 311-a.

It is further ORDERED that the Order to Show Cause for a default judgment is DENIED without prejudice as to plaintiffs Juarez, Castaneda, and Mendoza against defendants Fuerte Construction LLC and Artemio Fuerte. Plaintiffs Juarez, Castaneda, and Mendoza failed to file executed affidavits establishing their entitlement to damages. *See Ge Chun Wen v. Hair Party 24 Hours Inc.*, No. 15-CV-10186, 2021 WL 3375615, at *7 (S.D.N.Y. May 17, 2021), *report and recommendation adopted sub nom.*, 2021 WL 2767152 (S.D.N.Y. July 2, 2021) ("[I]n conducting an inquest on default, a court accepts as true all of the factual allegations of the complaint, *except* those relating to damages . . . the plaintiff must substantiate his or her claim with evidence to prove the extent of damages")(emphasis in original).

Plaintiffs, should they be so advised, may cure the aforementioned defects by filing a new Order to Show Cause for a default judgment on or before August 1, 2023. In the event Plaintiffs fail to file a new Order to Show Cause for a default judgment by August 1, 2023, this action will be dismissed for failure to prosecute under Fed. R. Civ. P. 41(B).

**SO-ORDERED:**

Dated: White Plains, New York
　　　　July 6, 2022

_____
Philip M. Halpern
United States District Judge